# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHFIELD INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DIEGO LUA GARCIA, an individual, CERVANTES FAMILY TRUST, organized under California law, RUBEN CERVANTES, Trustee of the Cervantes Family Trust, and ELIZABETH LOZANO RODRIGUEZ, an individual,<br><br>Defendants. | Case No. 1:15-cv-01701-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S APPLICATION FOR DEFAULT JUDGMENT BE GRANTED IN PART**<br><br>(Doc. No. 28)<br><br>**OBJECTIONS DUE: 21 DAYS** |

## I. INTRODUCTION

On April 13, 2016, Plaintiff Northfield Insurance Company ("Plaintiff") filed an application for default judgment against Defendants Diego Lua Garcia ("Garcia"), Cervantes Family Trust (the "Cervantes Family Trust"), Ruben Cervantes ("Cervantes"), and Elizabeth Lozano Rodriguez (the "Underlying Claimant") (collectively, "Defendants"). (Doc. 28.) No opposition to Plaintiff's application for default judgment was filed. (*See* Doc. 29.)

The Court has reviewed Plaintiff's application and supporting documentation and determined that the matter was suitable for decision without oral argument pursuant to Local Rule 230(g).

For the reasons set forth below, the undersigned RECOMMENDS that Plaintiff's application for default judgment be GRANTED IN PART against Defendants as to Plaintiff's First through Fourth Cause of Action, and DENIED as to Plaintiff's Fifth Cause of Action, which should be DISMISSED WITHOUT PREJUDICE as MOOT.[1]

## II.   FACTUAL BACKGROUND

Plaintiff filed a complaint on November 9, 2015, to obtain a declaration that it has no duty to defend or indemnify Garcia, the Cervantes Family Trust, or any other defendant in connection with *Rodriguez v. Rancho Los Potrillos*, Case No. 261377, Superior Court of the State of California, Tulare County (the "Underlying Action"), under a liability policy issued to Defendant Garcia, policy number WS196356 (the "Policy").  (Doc. 1, ¶ 1.)   Plaintiff also seeks a declaration as to its right to withdraw from the defense of Defendant Garcia in the Underlying Action, its right to reimbursement of defense costs paid on behalf of Garcia in the Underlying Action, and its right to reimbursement of indemnity payments made on behalf of Garcia.  (Doc. 1, ¶ 1.)

### A.   The Underlying Action

On June 24, 2015, the Underlying Claimant filed the Underlying Action against the Cervantes Family Trust, Garcia and other defendants.  (Doc. 1-1.)   On October 28, 2015, the

---

[1] Plaintiff has also filed a Request for Judicial Notice in Support of its Application for Default Judgment (Doc. 28-7), requesting, pursuant to Fed. R. Evid. 201, that the Court take judicial notice of both the docket for and the complaint filed in *Rodriguez v. Rancho Los Potrillos*, Case No. 261377, Superior Court of the State of California, County of Tulare. Under Rule 201, the court can take judicial notice of "matters of public record if the facts are not 'subject to a reasonable dispute.'" *Olds v. Metlife Home Loans*, No. SACV 12-55 JVS (RNBx), 2012 WL 10420298, at *1 n.1 (C.D. Cal. Mar. 19, 2012) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001)). Court filings and proceedings are proper subjects of judicial notice. *See, e.g., United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting that a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue"); *Madden v. Cate*, No. CV 11-5652 FMO(JC), 2013 WL 5741781, at *3 n.5 (C.D. Cal. Oct. 22, 2013) (taking judicial notice of the California Supreme Court docket). Because the docket and the complaint in *Rodriguez* are proper subjects of judicial notice, the Court grants Plaintiff's Request and will consider those documents in making its findings and recommendations with respect to Plaintiff's Application for Default Judgment. *See TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-18 (9th Cir. 1987) (affirming default judgment where district court "exceeded the requirements of [Rule 55] by taking extensive evidence on all allegations in the complaint including damages"); *see also* Fed. R. Civ. P. 55(b)(2) (court may conduct hearings or make referrals to establish the truth of any allegation by evidence).

Underlying Claimant amended her complaint to name Defendant Cervantes, in his capacity as the trustee of the Cervantes Family Trust. (Doc. 28-7, Ex. F at NOR000107.) The complaint seeks over $2 million for injuries that the Underlying Claimant allegedly sustained as the result of a horse-riding accident at a rodeo held on March 29, 2015, by Defendant Garcia on Defendant Cervantes Family Trust property located at 924 Ropes, Woodlake, California, 93286. (Doc. 1-1.) Specifically, the Underlying Claimant alleges that she "had paid to ride a horse around the bull pen" when "[t]he horse suddenly jerked back and fell backwards rolling on its back on top of the [Underlying Claimant], causing serious injuries to [her]." (Doc. 1-1, ¶¶ 9, 20.) The Underlying Action asserts causes of action for premises liability, strict liability, and negligence. (Doc. 1-1.)

**B.     The Policy**

Plaintiff issued the Policy to Defendant Garcia, effective May 2, 2014, to May 2, 2015. (Doc. 1, ¶ 1.) The Policy has a general aggregate limit of $2 million, and per occurrence limits of $1 million. (Doc. 1, ¶ 15.) The Policy is a commercial general liability insurance policy that provides in pertinent part:

> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.     Insuring Agreement**
>
> a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .
>
> **COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**
>
> **1.     Insuring Agreement**
>
> a.     We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will

3

have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal injury" or "advertising injury" to which this insurance does not apply. . . .

**SECTION V – DEFINITIONS**

[. . .]

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

[. . .]

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

14. "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:

   a. False arrest, detention or imprisonment;

   b. Malicious prosecution;

   c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;

   d. Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

   e. Oral or written publication of material that violates a person's right of privacy;

   f. The use of another's advertising idea in your "advertisement"; or

   g. Infringing upon another's copyright, trade dress or slogan in your "advertisement". . . .

[. . .]

17. "Property damage" means:

4

> a. Physical injury to tangible property, including all resulting loss of use to that property. . . . ; or
>
> b. Loss of use of tangible property that is not physically injured. . . .

(Doc. 1, ¶ 17; Doc. 1-2 at NOR000034.)

The Policy also contains an endorsement entitled "EXCLUSION – RIDERS OF SADDLE ANIMALS," which provides in pertinent part:

> This insurance does not apply to "bodily injury" to, or medical expense for, any person while saddling, riding, mounting, or dismounting any saddle animal.

(Doc. 1, ¶ 18.)

Defendant Garcia is the only named insured to the Policy. The Policy also provides additional insured coverage pursuant to an additional insured endorsement entitled "ADDITIONAL INSURED – MANAGERS OR LESSORS OF PREMISES," which provides in pertinent part:

> **SCHEDULE**
>
> 1. Designation of Premises (Part Leased to You)
>    924 Ropes
>    Woodlake, CA  93286
>
> 2. Name of Person or Organization (Additional Insured):
>    Ruben Cervantes, 924 Ropes, Woodlake, CA  93286
>
> [. . .]
>
> WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule but only with respect to liability arising out of the ownership, maintenance or use of that part of the premises leased to you and shown in the Schedule….

(Doc. 1, ¶ 19.)

### C. Plaintiff Agrees to Defend Defendant Garcia in the Underlying Action, but Disclaims Coverage for the Cervantes Family Trust

On or about August 21, 2015, Plaintiff received notice of the incident giving rise to the Underlying Action. (Doc. 1, ¶ 20.) By letter dated September 14, 2015, Plaintiff disclaimed any obligation to defend or indemnify Defendant Garcia in the Underlying Action based on the

5

Policy's "EXCLUSION – RIDERS OF SADDLE ANIMALS," which bars coverage for "'bodily injury' to . . . any person while saddling, riding, mounting or dismounting any saddle animal."[2] (Doc. 1, ¶ 21.) Three days later, on September 17, 2015, Plaintiff agreed to defend Defendant Garcia in the Underlying Action pursuant to a full and complete reservation of rights, including its reservation of the right to withdraw from Garcia's defense, and seek reimbursement of defense fees and costs and/or indemnity payments. (Doc. 1, ¶ 25.) Plaintiff expressly reserved the right to rely on any and all provisions, terms, conditions, exclusions, and definitions in the Policy. (Doc. 1, ¶ 25.)

On or about August 24, 2015, Defendant Cervantes Family Trust tendered the Underlying Action to Plaintiff. (Declaration of Gail E. Crecelius in Support of Northfield Ins. Co.'s Application for Default Judgment ("Crecelius Decl."), Doc. 28-1, ¶ 7.) By letter dated September 14, 2015, Plaintiff disclaimed any obligation to defend or indemnify the Cervantes Family Trust under the Policy. (Doc. 1, ¶ 22.) Defendant Cervantes, in his capacity as trustee of the Cervantes Family Trust, has not yet expressly tendered the Underlying Action to Plaintiff. (Crecelius Decl., 28-1, ¶ 9.)

### III.   PROCEDURAL BACKGROUND

On November 18, 2015, Defendant Cervantes, individually as trustee and as the agent for service of process for Defendant Cervantes Family Trust, was served by substitute service made upon his wife at their home; Defendant Garcia was personally served on November 21, 2015; and Defendant and Underlying Claimant Rodriguez was personally served on February 9, 2016. (Docs. 6-8, 23.) None of the Defendants responded to the complaint.

Plaintiff requested entry of default against Defendant Garcia on December 17, 2015, which was entered by the Clerk of Court on December 18, 2015 (Docs. 11-12); against Defendants Cervantes and Cervantes Family Trust on January 29, 2016, which was entered by the Clerk of Court on February 1, 2016 (Docs. 18-21); and against Defendant and Underlying Claimant

---

[2] Defendant Garcia, the named insured, has not expressly tendered the Underlying Action to Plaintiff. (Crecelius Decl., Doc. 28-1, ¶ 10.)

6

Rodriguez on March 3, 2016, which was entered by the Clerk of Court on March 4, 2016. (Docs. 24-25.)

## IV.  DISCUSSION

### A.  Legal Standard

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a).  It is within the sole discretion of the court as to whether default judgment should be entered.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  A defendant's default by itself does not entitle a plaintiff to a court-ordered judgment.  *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986).  Instead, the Ninth Circuit has determined a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The *Eitel* factors include (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *See id.*

"In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo–Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).  As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages.  *TeleVideo*, 826 F.2d at 917-18 (9th Cir. 1987).  However, although well-pleaded allegations in the complaint are admitted by the defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

### B. The *Eitel* Factors Favor Entry of Default Judgment

#### 1. Possibility of Prejudice to Plaintiff

The first *Eitel* factor considers whether Plaintiff would suffer prejudice if default is not entered. If Plaintiff's application for default judgment were denied, the case will not be before the Court on its merits, and Plaintiff would be denied a judicial determination as to whether there is a duty to indemnify and defend Defendants Garcia, Cervantes, and the Cervantes Family Trust; whether it has the right to withdraw from the defense of Defendant Garcia; and whether it is entitled to reimbursement for the cost of defense in the Underlying Action. *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003) ("prejudice" exists where the plaintiff has no "recourse for recovery" other than default judgment). Therefore, Plaintiff would be prejudiced if the Court were to deny its application for default judgment. This factor weighs in favor of default judgment. *See Maxum Indem. Co. v. Court Servs., Inc.*, No. 2:11-cv-2014 GEB EFB, 2012 WL 2090473, at *2 (E.D. Cal. June 8, 2012), *adopted by*, 2012 WL 3205069 (E.D. Cal. Aug. 1, 2012); *Burlington Ins. Co. v. Diamond Partners, Inc.,* No. 1:10-cv-00100-LJO-SKO, 2011 WL 284490, at *3 (E.D. Cal. Jan. 25, 2011), *adopted by*, 2011 WL 587108 (E.D. Cal. Feb. 9, 2011).

#### 2. Merits of Plaintiff's Substantive Claim and Sufficiency of the Complaint

The next relevant *Eitel* factors include the merits of the substantive claims pleaded in the complaint as well as the general sufficiency of the complaint. In weighing these factors, courts evaluate whether the complaint is sufficient to state a claim that supports the relief sought. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also DirecTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.") (internal quotation marks omitted). Plaintiff's complaint and evidence in support of its default judgment motion establish that Plaintiff is entitled to declaratory relief.

8

### a. Declaratory Relief Standard

Pursuant to California law, a complaint for declaratory relief must demonstrate the following: (1) a proper subject of declaratory relief, and (2) an actual controversy involving justiciable questions relating to the rights or obligations of a party. *Brownfield v. Daniel Freeman Marina Hosp.*, 208 Cal. App. 3d 405, 410 (1989). Some of the proper subjects for declaratory relief are delineated in Section 1060 of the California Code of Civil Procedure, which provides in relevant part:

> Any person interested under a written instrument, excluding a will or a trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another . . . may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties . . . [regarding] any question of construction or validity arising under the instrument or contract.

Cal. Civ. Proc. Code § 1060.

Plaintiff sets forth in its complaint and in the attachments that it seeks declaratory relief under an insurance contract with Defendant Garcia, Doc. 1, ¶¶ 14-19 – a proper subject for such relief. Cal. Civ. Proc. Code § 1060. Plaintiff further alleges that there exists "a genuine and bona fide dispute, and an actual controversy and disagreement" between Plaintiff and Defendants concerning: (1) whether Plaintiff has a duty to defend or to indemnify Defendants Garcia, the Cervantes Family Trust, Cervantes or any other defendant in connection with the Underlying Action; (2) whether Plaintiff has the right to withdraw from Defendant Garcia's defense in the Underlying Action; (3) whether Plaintiff has the right to reimbursement of defense fees and costs paid on behalf of Defendant Garcia in connection with the Underlying Action; and (4) whether Plaintiff has the right to reimbursement of indemnity paid on behalf of Defendant Garcia in connection with the Underlying Action, based on certain provisions, terms, conditions, exclusions, and definitions in the Policy. (Doc. 1, ¶¶ 27, 32, 37, 42, 48.) Plaintiff has therefore sufficiently set forth allegations supporting a cause of action for declaratory relief.

### b. Plaintiff is Entitled to a Declaration That It Does Not Have a Duty to Defend or Indemnify Defendants under the Policy in connection with the Underlying Action.

"Standard comprehensive or commercial general liability insurance policies provide, in pertinent part, that the insurer has a duty to indemnify the insured for those sums that the insured becomes legally obligated to pay as damages for any covered claim." *Buss v. Superior Ct.*, 16 Cal. 4th 35, 45 (1997). Further, these policies provide that the insurer has a duty to defend the insured in any action brought against the insured seeking damages for any covered claim. *Id.* "The insurer's duty to indemnify runs to claims that are actually covered, in light of the facts proved." *Id.* On the other hand, the insurer's duty to defend is broader than its duty to indemnify in that the former "runs to claims that are merely potentially covered, in light of facts alleged or otherwise disclosed." *Id.* In a mixed action, where some claims are potentially covered while others are not, the insurer has a duty to defend the entire action. *Id.* at 47-48.

Plaintiff has pleaded facts indicating that this is not a "mixed" action for purposes of determining the scope of the duty to defend, if any. As Plaintiff points out in its Application for Default Judgment, the only claims in the Underlying Action involve those for negligence, premises liability and strict liability arising out of injuries the Underlying Claimant allegedly sustained while riding a horse on the subject premises.[3] (*See* Doc. 28 at 14:6-7.) Although the Policy provides coverage for "property damage" and "bodily injury" caused by an "occurrence," and certain "personal and advertising injury" enumerated offenses, the Underlying Action does not seek damages arising out of "property damage" or any "personal and advertising injury" enumerated offense (Doc. 1, ¶¶ 17, 28), and, although the Underlying Action does seek damages arising out of a "bodily injury" caused by an "occurrence" (defined as "an accident"), *i.e.*, the horse-riding accident, the Policy's "Saddle Animal" exclusion eliminates any potential for

---

[3] Plaintiff attached to its complaint a certified copy of the complaint in the Underlying Action that confirms that the claims in the Underlying Action involve those for premises liability, strict liability, and negligence arising out of injuries the Underlying Claimant allegedly sustained while riding a horse on the subject premises. (Doc. 1-1.) Plaintiff also attached a copy of the insurance policy it issued to Defendant Garcia that provides the full text of the "Saddle Animal" exclusion upon which Plaintiff relies to support its contention that there is no coverage for the Underlying Action. (Doc. 1-2 at NOR000049.)

10

coverage.[4] (Doc. 1, ¶¶ 17-18, 28.) Moreover, even assuming coverage was otherwise available under the Policy, Defendant Garcia is the sole named insured, and neither Defendant Cervantes Family Trust nor Defendant Cervantes as trustee is entitled to coverage as an additional insured. The Cervantes Family Trust is not identified in the additional insured endorsement and, although Defendant Cervantes is listed in the endorsement, he is listed in his individual capacity only, not as trustee of the Cervantes Family Trust, which is the capacity in which he has been sued in the Underlying Action.[5] (Doc. 1, ¶¶ 19, 28.)

Taking Plaintiff's allegations as true, Plaintiff is therefore entitled to a declaration that it does not have a duty to defend or indemnify Defendants Garcia, the Cervantes Family Trust, or Cervantes under the Policy in connection with the Underlying Action.

    **c. Plaintiff is Entitled to a Declaration that it May Withdraw from Defendant Garcia's Defense in the Underlying Action.**

Under California law, where there is a question about whether the duty to defend exists, an insurer has four options: (1) accept the defense without raising any objection to coverage; (2) refuse to furnish a defense, but risk being sued for breach of contract and bad faith; (3) defend under a reservation of rights; or (4) defend under a reservation of rights, and while the underlying action is pending, file an action for declaratory relief seeking a declaration that it owes no duty to defend or indemnify. *See Legion Ins. Co. v. Wis.-Cal. Forest Prods.*, No. CIVS 00-2289 WBS/PAN, 2001 WL 35809243, at *3 (E.D. Cal. Oct. 19, 2001) (citing *Truck Ins. Exch. v. Superior Court*, 51 Cal. App. 4th 985, 994-95 (1996)). With respect to the fourth option, obtaining such declaration "would allow [the carrier] to withdraw from the defense without

---

[4] *See, e.g., Hartford Accident & Indem. Co. v. Hulsey*, 138 S.E.2d 310, 311 (Ga. 1964) (concluding that a horse is a "saddle animal" for purposes of applying a similar "saddle animals" exclusion); *Berlangieri v. Running Elk Corp.*, 44 P.3d 538, 540 (N.M. Ct. App. 2002) (defining "saddle animal" to include horses).

[5] Nor does the fact that Defendants Garcia and Cervantes entered into a "Special Events Facility Contract" (the "Contract") entitle Defendant Cervantes to coverage as a lessor of the designated premises. The Contract merely permits Defendant Garcia to use the premises for an event, Doc. 1, ¶ 28; Crecelius Decl., Doc. 28-1, ¶ 15 and Ex. E, and does not transfer exclusive use and possession of the premises to Garcia as is required for a lease. *See Rossetto v. Barross*, 90 Cal. App. 4th Supp. 1, 5 (2001) (noting that a distinguishing characteristic of a lease is that it gives the lessee "exclusive possession of the premises"); *see also San Jose Parking, Inc. v. Superior Ct.*, 110 Cal. App. 4th 1321, 1328 (2003). Since the subject premises are not "premises leased to [Defendant Garcia]," as is required by the additional insured endorsement, the endorsement does not apply.

subjecting the carrier to a claim of breach of contract or bad faith.") *Truck Ins. Exch.*, 51 Cal. App. 4th at 995 (citing *Hartford Accident & Indem. Co. v. Superior Ct*, 23 Cal. App. 4th 1774, 1778 (1994)). *See also Travelers Indem. Co. of Conn. v. Walker & Zanger, Inc.*, 221 F. Supp. 2d 1224, 1231 (S.D. Cal. 2002).

Plaintiff alleges that on September 17, 2015, it advised Defendant Garcia that it would defend him in the Underlying Action pursuant to a full and complete reservation of rights, including the right to withdraw from Defendant Garcia's defense. (Doc. 1, ¶ 35.) Taking Plaintiff's allegations as true, since there is no potential under the Policy for coverage of the claims made in the Underlying Lawsuit (*see* III.B.2.b, *supra*), Plaintiff is not bound to continue to defend Defendant Garcia in the Underlying Action, *see Buss*, 16 Cal. 4th at 47, and therefore is entitled to withdraw its defense in the Underlying Action. *Truck Ins. Exch.*, 51 Cal. App. 4th at 994.

### d.  Plaintiff is Entitled to a Declaration that it Be Reimbursed for Fees and Costs from Defendant Garcia.

Where, as here, an insurance company defends its insured under a full reservation of rights, it is generally entitled to reimbursement for the costs that it incurs defending claims for which it had no duty to defend. *See Legion Ins. Co.*, 2001 WL 35809243, at *3 (citing *Buss*, 16 Cal. 4th at 61; *Tamrac, Inc. v. California Ins. Guarantee Ass'n*, 63 Cal. App. 4th 751, 758 (1998)). *See also Scottsdale Ins. Co. v. MV Transp.*, 36 Cal. 4th 643, 657 (2005) ("an insurer, having reserved its right to do so, may obtain reimbursement of defense costs which, in hindsight, it never owed"). As set forth above, Plaintiff has alleged that, under the applicable "Saddle Animal" exclusion contained in the insurance contract, bodily injury arising out of a horse-riding accident is excluded from coverage. (Doc. 1, ¶ 28.) Plaintiff has sufficiently pleaded facts indicating that it is entitled to seek reimbursement for all of its defense fees and costs because none of the claims against its insured triggered the duty to defend, *i.e.*, none of the claims is even potentially covered in light of the "Saddle Animal" exclusion, and has produced proof of the actual amount of fees and costs it expended in defending Defendant Garcia in the Underlying Action through the Declaration of Gail E. Crecelius, CPCU. (*See* Doc. 28-1, Crecelius Decl., ¶ 14.)


>    **e.    Plaintiff's Request for Default Judgment as to its Fifth Cause of Action is Denied, as the Claim Should be Dismissed as Moot.**

In its Fifth Cause of Action, Plaintiff seeks a declaration that it is entitled to reimbursement of any indemnity amounts paid on behalf of Defendant Garcia in the Underlying Action, pursuant to *Blue Ridge Ins. Co. v. Jacobsen*, 25 Cal. 4th 489 (2001). According to Plaintiff, as of the date of filing its Application for Default Judgment, Plaintiff has not made any settlement or other indemnity payments on behalf of Defendant Garcia, entitling Plaintiff reimbursement in the Underlying Action. (Doc. 28, at 21:2-7.) Thus, as Plaintiff concedes, its Fifth Cause of Action is moot and should be dismissed. (Doc. 28, at 21:7-10.)

> **f.    Conclusion**

For the reasons stated above, the Court finds that Plaintiff's claims for declaratory relief are sufficiently pleaded and, with the exception of Plaintiff's moot Fifth Cause of Action, that they have merit. *Danning*, 572 F.2d at 1388 (merits of the claim and sufficiency of the complaint factors require that allegations "state a claim on which the [plaintiff] may recover"). This factor weighs in favor of granting default judgment.

> **3.    The Sum of Money at Stake in the Action**

Under this *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176-77 (C.D. Cal. 2002). Here, Plaintiff is not seeking monetary damages against Defendants, but rather declaratory and injunctive relief. The court finds that this factor weighs neither for nor against granting default judgment. *See Atain Specialty Ins. Co. v. N. Bay Waterproofing, Inc.*, No. 14-CV-04056-RMW, 2015 WL 428161, at *4 (N.D. Cal. Jan. 30, 2015), appeal dismissed (June 10, 2015).

> **4.    The Possibility of a Dispute Concerning the Material Facts**

With regard to this factor, no genuine issues of material fact are likely to exist because the allegations in the complaint are taken as true, *TeleVideo Sys.*, 826 F.2d at 917-18, and Defendants have submitted nothing to contradict the well-pleaded allegations. Additionally, Plaintiff has

13

attached to its complaint both the insurance policy and the complaint in the Underlying Action. Plaintiff has also submitted additional evidence in support of its motion for default judgment, all of which support Plaintiff's claims. In light of this, there is a reduced possibility of a dispute concerning the material facts.

### 5. Whether Default Was Due to Excusable Neglect

There are no facts in the record that evidence that Defendants' failure to appear or otherwise defend against the motion for default judgment is the result of excusable neglect. This factor, therefore, favors default judgment.

### 6. Policy Favoring Decisions on the Merits

This factor weighs against entry of default judgment in every case, but this policy factor is not dispositive, particularly when a defendant fails to appear and defend the action. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. Although a decision on the merits is preferable, this policy factor alone does not preclude the entry of default judgment.

## V.   CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's Application for Default Judgment (Doc. 28) be GRANTED IN PART and judgment be entered in favor of Plaintiff and against Defendants as follows:

1. Plaintiff's request for a judgment declaring that Plaintiff has no duty to defend Defendants Garcia, Cervantes, the Cervantes Family Trust, or any other defendant in the Underlying Action be GRANTED;

2. Plaintiff's request for a judgment declaring that Plaintiff has no duty to indemnify Defendants Garcia, Cervantes, the Cervantes Family Trust, or any other defendant in the Underlying Action be GRANTED;

3. Plaintiff's request for a judgment declaring that Plaintiff has the right to withdraw from the defense of Defendant Garcia in *Rodriguez v. Rancho Los Potrillos*, Case No. 261377, Superior Court of the State of California, Tulare County, be GRANTED; and

4. Plaintiff's request for a judgment declaring that Plaintiff is entitled to reimbursement for any defense fees and costs paid to or on behalf of Defendant Garcia in the defense of *Rodriguez v. Rancho Los Potrillos*, Case No. 261377, Superior Court of the State of California, Tulare County, in the current amount of $3,438.80, be GRANTED.

Further, IT IS HEREBY RECOMMENDED that Plaintiff's Fifth Cause of Action for a declaration that Plaintiff is entitled to reimbursement of any indemnity amounts paid on behalf of Defendant Garcia in *Rodriguez v. Rancho Los Potrillos*, Case No. 261377, Superior Court of the State of California, Tulare County, be DISMISSED WITHOUT PREJUDICE as MOOT.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     **May 9, 2016**                             **/s/ Sheila K. Oberto**
                                                      UNITED STATES MAGISTRATE JUDGE